THE STATE, EX REL. HARRY MAX, RELATOR, v. JOHN SAUL, BUILDING INSPECTOR OF THE CITY OF JERSEY CITY, DEFENDANT.

Submitted November 6, 1924—Decided February 26, 1925.

**Zoning—Erection of Garage in Jersey City Restricted Area—Prohibition in Ordinance Within Police Power Conserving Health, Safety and General Welfare.**

On rule to show cause for *mandamus*.

Before Justices KALISCH, BLACK and CAMPBELL.

For the relator, *Benjamin Dowden* and *Benjamin J. Darling*.

For the defendant, *Thomas J. Brogan*.

PER CURIAM.

Relator is the owner of lands on the corner of the boulevard and Claremont avenue, in Jersey City, being a tract forty-seven (47) feet wide in front and rear and one hundred and ten (110) feet deep.

On June 5th, 1924, he filed with respondent a written application for a permit to erect a one-story brick garage, nineteen feet square, on the rear of his plot. The permit was refused on June 17th, 1924, upon the ground that the permit sought was for the erection of a building, which would be in violation of section 2, paragraph 7, of an ordinance regulating and restricting trades and industries, generally known as the "zoning ordinance" of Jersey City, said section and paragraph providing that no garage shall be erected within ten (10) feet of any private dwelling.

Relator's proposed garage, if erected, would be distant five feet from an apartment-house on adjoining property.

Relator contends that the ordinance in question cannot be justified as a police regulation, as it does not affect the health, safety and general welfare of the community, and, therefore, is unconstitutional, depriving him of his property without due process of law, and further, that it cannot be justified as a police regulation, because it is arbitrary in its application, in that it affects only residential districts and prohibits the erecton of a garage within ten feet of a dwelling, but makes no provision against erecting a dwelling-house within ten feet of a garage.

The situation is not like unto that existing in *Ignaciunas* v. *Risley,* 1 *N. J. Adv. R.* 1023, or *Hayes* v. *Blank,* 2 *N. J. Mis. R.* 959.

On the contrary, we are of the opinion that the prohibition in question under the ordinance is quite within the police power of the city in conserving the health, safety and general welfare of the community.

The writ of *mandamus* is denied and the rule to show cause is dismissed, with costs.